**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**AIDA DELEON,**

    **Plaintiff,**

v.                                                                        **Case No. 8:05-cv-569-T-TBM**

**JO ANNE B. BARNHART,**
**Commissioner of the United States**
**Social Security Administration,**

    **Defendant.**
                                       /

**O R D E R**

The Plaintiff seeks judicial review of the denial of her claim for Social Security disability benefits. For the reasons set out herein, the decision is reversed and remanded for an awards of benefits.

I.

Plaintiff was fifty-four years of age at the time of her administrative hearing. She stands 5', 2" tall and weighed 188 pounds. Plaintiff has a high school education. Her past relevant work was as a teacher's aide, a sales clerk, a housekeeper, and an apartment leasing agent. Plaintiff applied for disability benefits in September 2002, alleging disability as of May 30, 2002, by reason of fibromyalgia and chronic pain. The Plaintiff's application was denied originally and on reconsideration.

The Plaintiff then received a *de novo* hearing before an Administrative Law Judge (hereinafter "ALJ"). In essence, Plaintiff claimed that she could no longer work at any job because of chronic pain. Plaintiff complained of severe pain from her waist down, i.e., in her

groin and down her legs to her toes, which she described as a fiery sensation. She also complained of severe pain from her shoulders down to her wrists, which she likened to the feeling of being "cut open." Plaintiff also experienced low back pain, which she described as an ache. According to Plaintiff, her pain has been a ten on a scale of one to ten during the last year. She takes Tegretol and Elavil for the pain, but indicated that it does not always help and the Elavil makes her very drowsy.

Plaintiff lives with her husband and seventeen year old granddaughter. By Plaintiff's account, her daily activities are limited. She gets up between 5:00 and 6:00 a.m. and showers but does not get dressed right away. She then tries to do some laundry or cleaning such as wiping the table, washing the dishes, or picking up her bedroom. She testified that she can only perform these chores for a short period, maybe twenty-five to thirty minutes. Depending on how bad her pain is, she may have to lie down or sit down afterwards and rest for about an hour. Plaintiff tries to get one or two chores done a day. Plaintiff can read for up to twenty minutes but does not watch much television. She can drive short distances when necessary. Plaintiff attends church twice a week, and she does crafts once a week for about thirty minutes. She sleeps poorly at night due to pain. Plaintiff estimated that she can stand for about thirty minutes, sit for thirty minutes, walk one to two blocks, and lift approximately ten pounds without pain and she estimated further that she spends about six hours of an eight-hour day lying down. When asked by the ALJ if she thought she could work given certain specified restrictions, Plaintiff testified that she thought pain would prevent her from working. See Plaintiff's testimony (R. 196-221).

The ALJ also took testimony from Teresa Manning, a vocational expert (hereinafter "VE"). Assuming Plaintiff had transferable skills from her former work and a maximum

2

residual functional capacity for sedentary work with a sit/stand option, the VE opined Plaintiff could perform jobs such as a check cashier, receptionist, and customer service clerk. Noting that Plaintiff was only one year away from fifty-five years of age, the VE further opined that none of these jobs would require a substantial vocational adjustment from her past work. On a modified hypothetical that assumed Plaintiff could lift twenty pounds occasionally and less than twenty pounds frequently and required a sit/stand option, the VE opined Plaintiff could do her past work as a teacher's aide and as a leasing agent, as well as other work existing in the national economy such as a file clerk, unit clerk and case aide. See VE's testimony (R. 221- 26).

Also before the ALJ were medical records outlining the Plaintiff's medical history.[1] These matters are addressed herein as necessary.

By his decision of August 27, 2004, the ALJ determined that while Plaintiff has severe impairments related to fibromyalgia with back and leg pain, she nonetheless had the residual functional capacity to perform light exertional work with a sit/stand option. Upon this finding and the testimony of the VE, the ALJ concluded that Plaintiff could perform her past jobs as a leasing agent and teacher's aide as such jobs are generally performed in the economy. In the alternative, the ALJ concluded that even if Plaintiff could not perform her past work, on the basis of the VE's testimony, she could perform other light and sedentary exertional work that existed in significant numbers in the national economy such as file clerk, unit clerk, case aide, check cashier, receptionist, and customer service clerk. Upon these

---

[1]At the conclusion of the hearing, the ALJ requested that Plaintiff's representative update the records of Dr. Leila Patallo and obtain a residual functional capacity assessment from her. (R. 226). The record reveals that Plaintiff's representative submitted the additional records.

conclusions, the Plaintiff was determined to be not disabled. (R. 11-18). The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. See id. at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that she has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994) (citing Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. Miles, 84 F.3d at 1400; Bloodsworth v. Heckler, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).

### III.

The Plaintiff raises three claims on this appeal. As stated by the Plaintiff, they are as follows:

(1) The Commissioner erred in her findings concerning the severity of all of the Plaintiff's impairments;

(2) The Commissioner erred in failing to fully or adequately explain her findings; and

  (3) The Commissioner erred in failing to fully and adequately consider the medical evidence.

  By her first claim, Plaintiff argues that the ALJ failed to address the severity of her sleep apnea at step two of the five-step evaluation process. She also argues that the decision is unclear with respect to the severity of her musculoskeletal back problems and neuropathic numbness and pain. Plaintiff argues further that it is impossible to ascertain whether the ALJ adequately considered all of her impairments singularly and in combination in light of the lack of clarity in the decision as to the etiology of her severe back and leg pain. In her view, these errors require a remand for further evaluation. (Doc. 19 at 6-12).

  It is well-established that the Act and pertinent case law require the ALJ to consider each impairment, as well as the combined effect of all a claimant's impairments. 42 U.S.C. § 423(d)(2)(B); Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986). Thus, at step two of the five-step evaluation process prescribed by the regulations, the ALJ is called upon to determine whether a claimant's impairments are severe. 20 C.F.R. § 404.1520(c). Under these regulations, if the claimant does not have an impairment or combination of impairments which significantly limits her ability to do basic work activities, then she is not disabled. Id. In application, this inquiry is a "threshold" inquiry. It allows only claims based on the slightest abnormality to be rejected. Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). As indicated above, the ALJ must also consider at this step the combined effect of all of the claimant's alleged impairments even though none of the impairments, when considered individually, is severe or disabling. See, e.g., Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984); 20 C.F.R. § 404.1523. In such instances, the ALJ must make specific and well-articulated findings as to the effect of the combination of impairments and whether the

combined impairments cause the claimant to be disabled. See Bowen, 748 F.2d at 635; Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir. 1987).

Plaintiff's challenges to the ALJ's step-two findings are unavailing. Here, at step two of the disability determination process, the ALJ found that "the claimant's fibromyalgia with back and leg pain are considered 'severe' based on the requirements in the Regulations."[2] See (R. 17). This finding is in accordance with controlling authority and does not require remand. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987) (noting that, ". . . the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement at step two."); Council v. Comm'r of Soc. Sec., No. 04-13128 (11th Cir. Dec. 28, 2004) (unpublished)[3] (holding in part that "the ALJ could not have committed any error at step two because he found that Council had a severe impairment or combination of impairments and moved on to the next step in the evaluation, which is all that is required at step two."). It necessarily follows that, because the ALJ's step-two finding was sufficient, the ALJ was not required to identify with specificity the impairments found severe. Although I agree with Plaintiff that an ALJ should make clear

---

[2] Plaintiff is correct that the ALJ did not include in his decision a severity finding with respect to sleep apnea. Nonetheless, the decision reveals consideration of this impairment and Plaintiff's related subjective allegations on the same. See (R. 13). The decision also reveals that the ALJ discussed medical records relating to Plaintiff's alleged back pain and neuropathic numbness. See (R. 13). I am unable to tell on this record whether the ALJ's severity finding encompassed Plaintiff's neuropathic pain and numbness.

[3] Unpublished opinions are not considered binding; however, they may be cited as persuasive authority. See United States v. Rodriguez-Lopez, 363 F.3d 1134, 1138 n. 4 (11th Cir. 2004); 11th Cir. R. 36-2.

findings regarding the severity of each impairment alleged, the failure to do so does not constitute reversible error in this circuit.

As for the ALJ's consideration of the combined effect of Plaintiff's impairments, the decision reflects that the ALJ recognized his obligation to do so. For example, the ALJ specifically recognized that, "a medically determinable impairment *or combination* of impairments is 'severe' if it significantly..." (R. 12). The ALJ then found that "the claimant has fibromyalgia with back and leg pain, impairments that are 'severe' within the meaning of the Regulations but not 'severe' enough to meet or medically equal, *either singly or in combination*, on of the impairments listed in Appendix 1, Subpart P, Regulations No. 4." (R. 14). The Eleventh Circuit has held repeatedly that findings such as these suffice in evidencing consideration of the combined effects of a claimant's impairments. See Wilson v. Barnhart, 284 F.3d 1219, 1224-25 (11th Cir. 2002); Jones v. Dep't of Health & Human Servs., 941 F.2d 1529, 1553 (11th Cir. 1991); Wheeler v. Heckler, 784 F.2d 1073, 1076 (11th Cir. 1986).

By her second claim, Plaintiff asserts that there is at least one "monumental" unexplained and inexplicable contradictory finding between the testimony of the VE that Plaintiff could perform her past work as a teacher's aide and leasing agent (as well as other work) and an express finding that she could not perform her past work but could perform other light exertional jobs available in the national economy. As such, Plaintiff contends that this requires a remand for "full and adequate development and consideration of the vocational testimony and for a clear articulation of the rationale for the decision." (Doc. 19 at 12-15).

This claim requires little discussion. Review of the administrative transcript and the decision (including the body and the findings section) reveal that the ALJ made alternative

8

step four and step five findings. Although the ALJ stated in the findings section that Plaintiff was unable to perform past relevant work (R. 17), that finding belies his articulated consideration of such in the decision as well as the testimony of the VE. Compare (R. 17 at finding 7) with (R. 15, 223-25). I find no error in the ALJ's use of alternative findings.

Plaintiff's last claim is more problematic. By this claim, Plaintiff asserts three interrelated errors. Thus, Plaintiff argues that the ALJ failed to: (1) adequately consider her fibromyalgia; (2) accord appropriate weight to the opinions of her treating doctors; and (3) properly evaluate and discount her credibility. Relying primarily on Moore v. Barnhart, 405 F.3d 1208 (11th Cir. 2005),[4] Plaintiff contends that each of these errors resulted from the ALJ's improper reliance on the lack of objective findings with regards to fibromyalgia.[5] (Doc. 19 at 15-19).

Here, the ALJ determined that Plaintiff's fibromyalgia constituted a severe impairment under the Act (R. 15), but he accorded little weight to Plaintiff's subjective pain

---

[4]In Moore, the appellant argued that the ALJ's decision improperly focused on the absence of objective findings to corroborate her subjective complaints associated with fibromyalgia and conflicted with the court's prior decision in Stewart v. Apfel, 245 F.3d 793, 2000 U.S. App. Lexis 33214 (11th Cir. Dec. 20, 2000) (reversing the ALJ's finding that a fibromyalgia claimant's doctor's testimony was not credible based on a lack of objective evidence and ordered an of benefits) (unpublished). Moore, 405 F.3d at 1211. The Court found Moore's reliance on Stewart unavailing, and rejected her claim on the basis that the lack of objective evidence did not form the basis for the ALJ's adverse credibility finding in her case. Id. at 1212.

[5]"Fibromyalgia is a clinical syndrome defined by chronic widespread muscular pain, fatigue and tenderness. . . . Pain and tenderness are the defining characteristics of fibromyalgia . . . There are no laboratory or other diagnostic tests for fibromyalgia so it must be diagnosed based on patient symptoms." American College of Rheumatology, http://www.rheumatology.org/public/factsheets/fibromya_new.asp? (last updated February / June 2005).

9

testimony and the opinions of Plaintiff's treating neurologist, Dr. Leila Patallo (R. 14-15).

With respect to Plaintiff's testimony, the ALJ noted:

> The claimant testified that she could not work because of diffuse pain throughout her body that felt like fire with pain at the same time. She reported that she had difficulty sleeping at night and this caused her to be unable to function during the day. She stated that she spent her time reading, lying down, and attending church twice weekly from 1 to 2 ½ hours. She also stated that she could perform light household chores sitting on a stool and do crafts for her grandchildren. The claimant estimated she could lift no more than 10 pounds, sit for 30 minutes, stand 30 minutes, and walk one to two blocks.

(R. 15). In discounting Plaintiff's subjective pain testimony, the ALJ explained that:

> While the claimant contends that she is disabled because of chronic and diffuse pain, the objective medical evidence does not support the severity of her allegations. She had complained of chronic pain and stated that medication did not help relieve her pain symptoms. However, there are no objective findings demonstrating a condition that could cause her pain. Imaging of her lumbar spine has revealed only mild degenerative changes and her electrodiagnostic studies revealed no evidence of lumbosacral radiculopathy or plexopathy. Further, her examinations revealed intact cranial nerves, full motor strength in the upper and lower extremities, and normal gait. Thus, the claimant's allegations are not fully credible.

(R. 15).

By a post-hearing interrogatory from Plaintiff's representative, Dr. Patallo was asked whether Plaintiff:

> [w]ould be able to work a consistent schedule at 8 hours per day, 5 (sic) per week with the customary breaks at mid morning of 15 minutes, midday meal break, and mid afternoon break of 15 minutes. This job would require lifting, not to exceed 10 pounds and frequently lesser weights. She would be allowed the option to sit and stand at will, with no repetitive bending, stooping, kneeling, squatting or crawling.

(R. 186). In her response dated March 31, 2004, Dr. Patallo opined that Plaintiff would not be able to work such a job due to her "severe neuropathy and/with leg pain." Id. Although

10

this inquiry had been specifically requested by the ALJ (R. 226), the ALJ rejected this opinion, finding that:

> [t]he objective medical evidence does not support it and other substantial evidence contradicts it. Dr. Patallo's own clinical notes show that the claimant continued to complain of pain and numbness in her upper and lower extremities. However, the objective findings revealed no significant neurological deficits. Her cranial nerves were intact and she retained full motor function in the upper and lower extremities along with normal sensation to light touch, pinprick, position, and vibration.

(R. 14). At issue is whether these findings are sufficiently supported by the record.

In this circuit, subjective complaints such as pain, fatigue or dizziness are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be evidence of an underlying medical condition and either objective medical evidence that confirms the severity of the alleged symptom arising from the condition or evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986)). A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. Id.; Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). If the ALJ determines not to credit a claimant's subjective testimony, he must articulate explicit and adequate reasons for his decision. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005); Foote v. Chater, 67 F.3d 1553, 1561-62 (1995). Where the ALJ's stated reasons for discounting a claimant's subjective allegations are not supported by substantial evidence, the claimant's pain testimony is accepted as true. See Hale, 831 F.2d at 1012.

When considering a treating physician's testimony, the ALJ must ordinarily give substantial or considerable weight to such testimony unless good cause is shown to the contrary. Broughton v. Heckler, 776 F.2d 960, 961 (11th Cir. 1985); see also 20 C.F.R. § 404.1527(d)(2). Good cause for rejecting a treating source's opinion may be found where such opinion is not supported by the evidence, where the evidence supports a contrary finding, or where the doctor's opinions are conclusory or internally inconsistent. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Where the Commissioner has failed to properly to refute the treating physician's testimony, such testimony, as a matter of law, must be accepted as true. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

Upon careful consideration, I conclude that the reasons cited by the ALJ for discounting Plaintiff's subjective allegations are unsupported and his reasons for rejecting Dr. Patallo's opinion do not establish the requisite good cause required for doing so. Absent the window dressing, the ALJ rejected Plaintiff's subjective pain complaints and Dr. Patallo's opinion based on the lack of objective evidence and clinical findings. Typically, that reason would be among the acceptable reasons for discounting a treating physician's opinion and a claimant's subjective complaints, however, under the circumstances that exist in this case it was improper. See Stewart, 245 F.3d 793, 2000 U.S. App. Lexis 33214, at *7-10 (noting that fibromyalgia often lacks medical or laboratory signs; indeed, its hallmark is a lack of objective evidence); Green-Younger v. Barnhart, 335 F.3d 99, 107-09 (2nd Cir. 2003) (providing that a doctor's opinion regarding functional limitations is not undermined by reliance on the plaintiff's subjective complaints when the plaintiff suffers from fibromyalgia, and noting that, "in stark contrast to the unremitting pain of which fibrositis patients complain, physical examinations will usually yield normal results – a full range of motion, no

12

joint swelling, as well as normal muscle strength and neurological reactions"); Benecke v. Barnhart, 379 F.3d 587, 590 (9th Cir. 2004) (noting that "fibromyalgia is diagnosed entirely on the basis of patients' reports of pain and other symptoms," its cause is unknown, there is no cure, and it is poorly understood within much of the medical community); see also Harrison's Principles of Internal Medicine, 1706-07 (Kurt J. Isselbacher et al., eds., 13th ed. 1994) (reporting that, with fibromyalgia, joint and muscle examination typically is normal). Although the ALJ also stated that "other" evidence contradicted Dr. Patallo's opinion, that reason also is dependent on the lack of objective evidence and therefore does not demonstrate good cause. The ALJ's reasons for discounting Plaintiff's subjective complaints are also inadequate. As with his consideration of Dr. Patallo's testimony, the ALJ improperly rejected Plaintiff's allegations solely on the basis of a lack of objective evidence. See Stewart, 245 F.3d 793, 2000 U.S. App. Lexis 33214, at *9; Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); cf. Moore, 405 F.3d at 1212. Contrary to the Commissioner's contention, the ALJ did not rely, in whole or in part, on Plaintiff's daily activities. Rather, as set forth above, the decision reveals that the ALJ was merely recounting Plaintiff's testimony.[6]

Because the ALJ's reasons for rejecting Plaintiff's subjective allegations are not supported by substantial evidence and he failed to demonstrate good cause for discounting Dr. Patallo's opinion, as a matter of law in this circuit, the evidence is accepted as true. See MacGregor, 786 F.2d at 1053 (treating physician); Hale, 831 F.2d at 1012 (claimant). By the VE's testimony, Plaintiff would be unable to work if her testimony was credited. (R. 222).

---

[6]Even if the ALJ did rely on this testimony, the ability to do the limited activities identified by the Plaintiff would not reveal her ability to consistently work at a job five days a week, eight hours a day.

13

Accordingly, remand for further consideration of this matter is not warranted, and Plaintiff's case is reversed and remanded for an award of benefits as of Plaintiff's alleged onset date.[7]

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is not supported by substantial evidence or is not in accordance with the correct legal standards.  The decision is reversed and remanded for an award of benefits consistent with this Order.  Accordingly, the Clerk is directed to enter Judgment in favor of the Plaintiff and to close the file, and the matter of fees and costs shall be addressed upon further pleadings.

**Done and Ordered** in Tampa, Florida, this 29th day of March 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

---

[7]Relying on INS v. Orlando Ventura, 537 U.S. 12 (2002), the Commissioner argues that the proper course would be a remand for further consideration.  I have carefully considered the argument.  In Ventura, the Court held that, where a court (of appeals) reverses an administration determination, the proper course generally is to remand to the agency for additional explanation.  Id. at 16.  Even assuming that case is applicable in the instant context, I conclude that an award of benefits is appropriate.  See Moisa, 367 F.3d at 887 (remanding for an award of benefits after considering Orlando Ventura); Benecke, 379 F.3d at 595 (same); but see Markle v. Barnhart, 324 F.3d 182, 189 (3d Cir. 2003) (remanding case to agency for further development where issue was not addressed in first instance).